UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| BRYAN A. BRANHAM *et al.*, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:20-CV-P567-CHB |
| ) | |
| v. ) | |
| ) | |
| SCOTT JORDAN *et al.*, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This is a *pro se* civil-rights action brought by two convicted prisoners pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiffs Bryan A. Branham and Michael Carper leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow others to proceed.

**I.**

Plaintiffs were both incarcerated at Luther Luckett Correctional Complex (LLCC) when they initiated this action.[1] They bring suit against the following LLCC officials – Warden Scott Jordan, Deputy Warden Patricia Gunter, Captain Tim Forgy, Grievance Coordinator Dagon Moon, Lieutenant Brian Williams, and Lieutenant Brian Owens. Plaintiffs sue Defendants in both their official and individual capacities and make several claims against them. As relief, Plaintiff seeks damages and injunctive relief.

---

[1] Two months after this lawsuit was initiated, Plaintiff Branham notified the Court that he had been transferred to Kentucky State Penitentiary [R. 9].

**II.**

Because Plaintiffs are prisoners seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its

legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Official-Capacity Claims**

The Court first turns to Plaintiffs' official-capacity claims against Defendants. When state officials are sued in their official capacities for monetary damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim). Second, state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("Th[e] Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity.").

For these reasons, the Court will dismiss Plaintiffs' official-capacity claims for damages for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants who are immune from such relief.

**B. Individual-Capacity Claims**

    **1. Disciplinary Segregation**

Plaintiffs allege that they were wrongfully sentenced to thirty days in disciplinary segregation by Defendants Jordan, Forgy, Owens, and Williams. They further allege that those thirty days have expired and that Defendants Jordan and Forgy informed them that they will remain in segregation indefinitely. Plaintiffs also claim that, since being placed in disciplinary segregation, Defendant Jordan has forced them to wear suicide gowns and paper boxers, including when they engage in recreation outside of their cell, and that he will not permit them to have linens or allow them to shave. Plaintiffs contend this is cruel, humiliating, and unusual punishment since they have not been deemed suicidal by any prison official and are not on "suicide watch." Plaintiffs allege that they have been "strip[ped] [] practically naked" and "thrown [into] in a freezing cold cell with another man." They further allege that their "private parts" are frequently exposed due to the way the suicide gowns and paper boxers are made.

Based upon these allegations, the Court will allow an Eighth Amendment claim based upon Plaintiffs' conditions of confinement in segregation to proceed against Defendant Jordan. *See, e.g, Johnson v. Harris*, No. 1:17-cv-04053-WHO (PR), 2018 U.S. Dist. LEXIS 119373, at *3 (N.D. Cal. July 16, 2018) (allowing an Eighth Amendment claim to proceed against defendants for allegedly forcing the plaintiff to unnecessarily wear a "suicide-prevention suit").

<u>The Court will also allow Fourteenth Amendment due process claims to proceed against Defendants Jordan, Forgy, Owens, and Williams in their individual capacities</u>. In allowing these claims to proceed, the Court passes no judgment upon their merit.

### 2. The Grievance Process

Plaintiffs next allege that Defendants Jordan, Gunter, and Moon violated their constitutional rights by interfering with the grievance process. Plaintiffs allege that due to Defendants' wrongful actions, none of their grievances were allowed to proceed through the proper grievance channels. Courts, however, have repeatedly held that there exists no constitutionally protected right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569-70 (6th Cir. 2002). Thus, the Court will dismiss Plaintiffs' claims against Defendants Jordan, Gunter, and Moon for alleged misconduct related to the grievance process for failure to state a claim upon which relief may be granted.

Plaintiff Branham also claims that Defendants Moon and Gunter retaliated against him by placing him on a "grievance restriction." This claim also fails because the Sixth Circuit "repeatedly has held that placement on modified [grievance] access does not constitute an adverse action for purposes of a retaliation claim." *Weatherspoon v. Williams*, No. 2:14-cv-108, 2015 U.S. Dist. LEXIS 59081, at *5 (W.D. Mich. May 6, 2015) (citing *Jackson v. Madery*, 158 F. App'x 656, 660 (6th Cir. 2005)); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 446 (6th Cir. 2005); *Kennedy v. Tallio*, 20 F. App'x 469, 471 (6th Cir. 2001); *Corsetti v. McGinnis*, 24 F. App'x 238, 241 (6th Cir. 2001)). The right to file institutional grievances without being subject to retaliation extends only to the filing of non-frivolous grievances, and "an ordinary

person of reasonable firmness would not be deterred from filing non-frivolous grievances merely because he or she had been placed on modified status." *Walker*, 128 F. App'x at 445-46; *see also Moore v. Sergent*, 22 F. App'x 472, 474 (6th Cir. 2001) (upholding a pre-screening process for grievances, noting that "[a]s [the plaintiff] has not been prevented from continuing to file grievances, he has not been subjected to retaliation"); *Harris v. Erdos*, No. 1:20-cv-120, 2020 U.S. Dist. LEXIS 49117, at *15-16 (S.D. Ohio Mar. 23, 2020) (citing the above jurisprudence to dismiss a retaliation claim based on being placed on a "grievance restriction").  Thus, the Court will dismiss Plaintiff Branham's retaliation claim against Defendants Moon and Gunter for failure to state a claim upon which relief may be granted.

### 3. Failure to Follow Prison Policies

Plaintiffs allege throughout their complaint that their rights were violated by Defendants' failure to follow various prison policies.  However, failing to follow prison policies does not in itself violate a prisoner's constitutional rights.  *See, e.g.*, *Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007); *Brody v. City of Mason*, 250 F.3d 432, 437 (6th Cir. 2001); *Smith v. Freland*, 954 F.2d 343, 347-48 (6th Cir. 1992); *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 U.S. App. LEXIS 9509 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation because policy directive does not create a protectible liberty interest).  Moreover, § 1983 is addressed to remedying violations of federal law, not state law.  *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982); *Laney*, 501 F.3d at 580-81.  Thus, Plaintiff's claims based upon these allegations must be dismissed for failure to state a claim upon which relief may be granted.

## IV.

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' official-capacity claims for damages are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from a defendant who is immune from such relief.

**IT IS FURTHER ORDERED** that the individual-capacity claims against Defendants Jordan, Gunter, and Moon for interference with the grievance process; the individual-capacity claims against Defendants Gunter and Moon for retaliation; and all claims based upon the failure to follow prison regulations are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Because no claims remain against them, the **Clerk of Court** is **DIRECTED** to terminate Defendants Gunter and Moon as parties to this action.

The Court will enter a separate Service and Scheduling Order to govern the development of the claims it has allowed to proceed.

This the 22nd day of February, 2021.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:  Plaintiff, *pro se*
     Defendants
     General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
A958.011