FILED
JAMES J. VILT, JR. - CLERK

MAR 09 2023

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
At LOUISVILLE

MICHAEL CARPER                                                    PLAINTIFF

v.                              Civil Action No. 3:22-cv-P607-CHB

SCOTT JORDON, et al.                                             DEFENDANTS

### PLAINTIFF'S RESPONSE/OBJECTIONS TO COURT'S ORDER

Comes now the Plaintiff Michael Carper, hereby respectfully Responds/Objects to this Court's February 16, 2023, Order and states:

**I.**

Carper advises this Court that he does wish to proceed in this matter, however, Carper does not have any of the initiating documents, Defendants' responses or Orders of the Court.

**Wherefor**, Carper requests this Court to direct the Clerk to provide him: DNs 1-9, 11-14, and all those documents if different in Civil Action No. 3:20-cv-567-CHB.

**II.**

At this time having been noticed that this Court has severed the Plaintiff parties and the denial of appointment of counsel, Carper must object to such severance for several reasons.

Carper and Bryan Branham were the initiating Plaintiffs in Civil Action No. 3:20-cv-567-CHB, and as such they shared a common cause of action and claim in controversy against the named Defendants. It must be noted that it is believed that after the

initiation of the original complaint the Defendants each and together orchestrated the transfer of Plaintiffs to different institutions with intention of obstructing their ability to litigate their cause in this Court.

The Court's severance order has in fact solidified this obstruction. The underyling facts in both Civil Action No. 3:20-cv-567-CHB and No. 3:22-cv-607-CHB are the same, as are the named Defendants, yet Plaintiffs' are now being forced to antagonistically litigate their common cause of action. The resulting prejudice will be that Carper may assert or present a factual response or concomitant claim in his action, that will not coincide with that of Branham's, or vice versa, for which Counsel for the Defendants will seize upon to assert various claims for dismissal based upon the disparity of the Plaintiffs' perspectives and positions before the Court.

In such a situation, the prejudice being perpetuated upon both Plaintiffs' is not one that is equitably contended under federal civil constitutional and procedural jurisprudence. This inequity requires that some sort of prophylactic measure be instituted by the Court.

While the Court has made its decision regarding the denial of counsel to ensure streamlined proceedings in the initiating cause of action because the Plaintiffs have been transferred to separate KDOC institutions, there must be a way for the Plaintiffs to share their pleading objectives with one another to ensure that neither one inadvertantly sabatoges the other's contentions in pleading.

**Wherefor**, Carper requests that the Court Order Defendants and the Department of Corrections to permit unobstructed sharing of legal pleadings with one another and that any mail sent between the two Plaintiffs that properly displays "LEGAL MAIL" and both Civil Action Nos. on the envelop face be treated as privileged legal mail, i.e. opened and inspected in front of the Plaintiff as all other legal mail is.

### III.

As stated in Part I, Carper desires to proceed in this matter. In accordance thereto, after the Court addresses Parts I and II, Carper requests that the Court enter a discovery and dispostive motion schedule that takes into reasonable consideration of any lockdown event, COVID-19 or otherwise. It should be noted that Kentucky State Penitentiary is still in a the lockdown stages that were instituted on December 25, 2022, when a guard was assaulted.

**Wherefor**, Carper requests this Court to enter an appropriate discovery and dispostive motions schedule in this case.

### IV.

Lastly, because of the severance of the Plaintiffs in the initiating case, Carper has a procedural right to tender any response to any of Defendants motions and objections to any previously entered Court Order, specifically the one dated February 22, 2021.

This Order contains factual legal conclusions of this Court in relation to Defendants failure to follow prison policies does not arise to federal constitutional dimensions, that cannot be

## NOTICE

Notice is hereby given that the original copy of the foregoing was mailed postage prepaid this 27th day of February 2023; to the U.S. District Court Clerk, 601 W. Broadway St., Louisville, Kentucky 40202-2249.

*Michael Carper*
Michael Carper

## CERTIFICATE OF SERVICE

I certify that a true copy of the same was mailed postage prepaid this 27th day of February 2023; to the Office of KDOC General Counsel, 125 Holmes St., 2nd Fl., Frankfort, Kentucky 40601.

*Michael Carper*
Michael Carper

reconciled with state law that must be applied, in part, to this case and claim, pursuant to Erie Co. v. Tompkins, 304 U.S. 64, 78 (1938), "[e]xcept in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state;" because pursuant to the rule of Hicks v. Oklahoma, 447 U.S. 343, 346 (1980), "[w]here a state has provided for the [ministerial duty of Defendants], it is not correct to say that [Carper's] interest in the exercise of that [duty] is merely a matter of state procedural law. [Carper] has a substantial and legitimate expectation that he will deprived of his liberty only to the extent determined by the [statute], [] and that liberty interest is one the Fourteenth Amendment preserves against arbitrary deprivation by the State."

Carper has a right to object to the Court's dismissal of this part of his claim and asks that the parties be afforded the opportunity to brief this claims under Hicks as this Court may find that it is one of first impression.

**Wherefor**, Carper requests the Court to grant him 60-days after being served with copies of all pleadings and orders as requested in Part I, to file any contentions or objections thereto for proper preservation of all matters in the record.

**Therefor**, Plaintiff prays the Court so Find and Order.

Respectfully submitted,

*Michael Carper*
Michael Carper
Plaintiff, KSP #128979
266 Water St.
Eddyville, Kentucky 42038

-4-

Mike Carper #118929
K.S.P. (4-322)
266 Water St.
Eddyville, KY 42038



FILED
JAMES J. VILT, JR. - CLERK
MAR 09 2023
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

U.S. District Court Clerk
601 W. Broadway St.
Louisville, KY. 40202-2249